UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONALD R. HUNT,<br><br>              Plaintiff,<br><br>      v.<br><br>ISRAEL R. GONZALEZ; JEFFERY UTTECHT; DAVID BAILEY; LAURA SHERBO; JACQUELINE L. FLUAITT; LORI WONDERS; CHE; MICHAEL ZWICKY; AND 1 TO 20 UNKNOWN JOHN OR JANE DOES,<br><br>              Defendants. | No. 4:16-CV-5125-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Before the Court, without oral argument, is Donald R. Hunt's Objection and Motion to Court for Reconsideration, ECF No. 64. Mr. Hunt moves the Court to reconsider its July 20, 2017 Order Granting Defendants' Motion for Summary Judgment, ECF No. 60, and the subsequent Judgement entered in favor of Defendants, ECF No. 61. Defendants have filed a response to the Motion to Reconsider. ECF No. 65. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies the Motion.

A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if

ORDER - 1

there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances," and may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999); *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).

Here, Plaintiff indicates that he is moving for reconsideration in order to correct a clear error or prevent manifest injustice. ECF No. 64 at 2.

First, Plaintiff argues that the Court disregarded facts and evidence in order to find in favor of Defendants. ECF No. 64 at 3.

Second, Plaintiff argues that the Court inappropriately relied on Defendants' attestations to find that the restrictions on carbon paper, compact discs, and calendars satisfied the standard set out in *Turner v. Safley*, 482 U.S. 78 (1987). ECF No. 64 at 3. Plaintiff argues that Defendants' statements regarding penological objectives "do not provide factual evidence." ECF No. 64 at 3. Plaintiff then repeats arguments that he has previously made related to the restrictions. ECF No. 64 at 3–11.

Third, Plaintiff argues that the Court committed error by finding in favor of Defendants on Plaintiff's claims related to grievances because prison grievance practices "chill Plaintiff's First Amendment rights which denies meaningful access to the courts." ECF

No. 64 at 11-13. Plaintiff also argues that the Court mischaracterized the alleged retaliation by Defendant Fluaitt. ECF No. 64 at 13-14.

Fourth, Plaintiff argues that the Court erred in finding that Plaintiff suffered no actual injury due to claimed restrictions on his access to the courts based on alleged deficiencies of the prison law library. ECF No. 64 at 14-16. Plaintiff argues that he suffered an actual injury in that his child support case was dismissed when he was denied priority access to the law library. ECF No. 64 at 17-20. Plaintiff also argues that the Court incorrectly concluded that Defendant Sherbo did not have a duty to Plaintiff. ECF No. 64 at 16-17. In addition, Plaintiff asserts that the Court erred in finding that the law library's failure to include all resources on the Washington resource list and the alleged inadequacy of the Lexis legal database did not result in a violation of Plaintiff's constitutional rights. ECF No. 64 at 20-22, 24. Finally, Plaintiff argues that the Court erred regarding Plaintiff's claim that Defendants were deliberately indifferent in their behavior related to the law library. ECF No. 64 at 22-24.

After reviewing the pleadings, the record in this matter, and applicable authority, the Court is fully informed and finds that Plaintiff has not met the standard for reconsideration. The Court continues to find that Plaintiff did not suffer a deprivation of rights warranting relief.

Regarding Plaintiff's first argument, the Court fully considered all facts and evidence in the record.

ORDER - 3

As to Plaintiff's second argument, the Court continues to find that the restrictions on carbon paper and compact discs do not result in a violation of Plaintiff's rights. In addition, the restrictions on carbon paper, compact discs, and calendars are permissible under the *Turner v. Safley* test. Whether this test is satisfied is a question of law, and the Court finds, as reflected in its prior order, that Defendants produced sufficient evidence to support the regulations under the *Turner* test.

Third, the Court continues to find that Plaintiff's rights were not violated by practices related to the grievance system. Plaintiff's claims generally relate to grievance processes that he dislikes or disagrees with, and, as the Court found in its prior order, these claims are barred by the fact that prisoners do not have a right to a specific grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). As reflected in the Court's prior order, to the extent Plaintiff argues that prison officials have not filed complaints or lost complaints, the Court continues to find that Plaintiff did not produce evidence of those practices or otherwise plead those claims with sufficient specificity to establish a genuine dispute of material fact. The Court also continues to find that Defendant Fluaitt's letter to Plaintiff threatening infraction if Plaintiff continued to file multiple grievances on the same topic was appropriate under prison grievance guidelines and did not constitute retaliation.

Finally, regarding Plaintiff's fourth argument, the Court continues to find that Plaintiff failed to establish a cognizable

injury to his right of access to the courts. While Plaintiff's child support case was dismissed, Plaintiff did not provide any evidence of how he would have avoided dismissal had he been permitted access to the law library. More importantly, Plaintiff's child support case is not the type of case for which prisoners are guaranteed a right of access to the courts. *See Hebbe v. Pliler*, 627 F.3d 338, 342–43 (9th Cir. 2010) (explaining law library access is only constitutionally required in direct appeals from incarcerating convictions or actions vindicating "basic constitutional rights." (quoting *Lewis v. Casey*, 518 U.S. 343, 354, (1996))).

In addition, the Court continues to find that the prison law library's failure to provide all resources included on the Washington resource list did not violate Plaintiff's right of access to the courts or Plaintiff's due process rights. The Court also continues to find that Plaintiff failed to establish an Eighth Amendment claim because, even if Defendants had been deliberately indifferent — and the Court continues to find that Defendants were not indifferent — Plaintiff was not deprived of the "minimal civilized measure of life's necessities" as required to prove an Eighth Amendment violation. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Finally, the Court continues to find that Defendant Sherbo did not owe a duty to Plaintiff to provide him with access to the courts because that duty is owed by prison officials alone. Regardless, even if Defendant Sherbo did owe a duty to Plaintiff, the Court continues to find that such a duty was not violated.

/

As such, the Court finds Plaintiff has failed to demonstrate the Court committed clear error by granting Defendants' Motion for Summary Judgment or that doing so was manifestly unjust. *See Sch. Dist. No. 1J*, 5 F.3d at 1255. Nor are Plaintiff's circumstances highly unusual. *See 389 Orange St. Partners*, 179 F.3d at 665.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Plaintiff Donald R. Hunt's Objection and Motion to Court for Reconsideration, **ECF No. 64,** is **DENIED**.

**2.** The Court's prior Order Granting Defendants' Motion for Summary Judgment, **ECF No. 60**, **REMAINS** in effect.

**3.** This case shall remain **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Plaintiff and all counsel.

**DATED** this 19th day of September 2017.

_____
EDWARD F. SHEA
Senior United States District Judge